IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
(Northern Division)

| | |
|---|---|
| UNITED STATES OF AMERICA )<br>)<br>v.                                                      )<br>)<br>JOSEPH EDWARD LIBERTO,          )<br>)<br>　　Defendants.                              )<br>_____) | Crim. No. RDB-19-0600 |

### THE GOVERNMENT'S UNOPPOSED MOTION
### TO AMEND THE INDICTMENT BY INTERLINEATION
### TO CORRECT AN OMISSION IN COUNT 32

　　The United States of America, by its undersigned counsel, hereby moves (with the consent of the defendant) that this Court permit the Indictment returned on April 1, 2021 to be amended by interlineation to correct an omission in Count 32, one of the charged counts. The grounds supporting this motion are as follows:

　　1.　　The Superseding Indictment in this case was returned on Thursday, April 1, 2021. The Indictment includes 32 counts and is 26 pages long. Each count of the Indictment charges a wire fraud violation relating to a specific invoice requesting payment on a particular identified repair job that was transmitted by the defendant's company, Sierra Construction, to the U.S. Postal Service's contractor EMCOR. The text for each count therefore includes a number of specific details, including an 8-digit work order number that was assigned by EMCOR to each repair project.

　　2.　　While in the process of preparing for trial, Government counsel has noticed that the Superseding Indictment includes a proofreading error that escaped notice and correction in the final stages of preparing the indictment for submission to the Grand

1

Jury, which is that no date was given for the wire transmission of Sierra Construction's invoice on Job # 36107067, which is the subject of the indictment's last count, count 32. The transmission date that should have been listed was October 12, 2018, which appears on both the Sierra job file cover as the transmittal date and on the invoice itself (see **Exhibit 1**, which are the relevant two pages from Grand Jury Exhibit 32 showing the invoicing date).

3.  The relevant page of the Indictment with the correct date inserted is shown as **Exhibit 2**.

4.  Judicial amendments of an indictment "are permitted as to matters or form or surplusage." *United States v. Field*, 875 F.2d 130, 133 (7th Cir. 1989); *see also Russell v. United States*, 369 U.S. 749, 770 (1962); *Short v. United States*, 471 F.3d 686, 693 (6th Cir. 2006). Amendments to an indictment are allowed if they do not change an essential or material element of the indictment in a way that causes prejudice to the defendant. *Field*, 875 F.2d at 133; *United States v. Cina*, 699 F.2d 853, 857 (7th Cir. 1984), *citing Russell v. United States*, 369 U.S. 749, 763-64 (1962). Matters in an indictment that may appropriately be addressed by amendment include the "correction of obvious, clerical or typographical errors in the indictment." *United States v. Skelley*, 501 F.2d 447, 453 (7th Cir. 1974), *quoted in Field*, 875 F.2d at 133. Amendments that address typographical or clerical errors relate to the form, not the substance, of an indictment. *Field*, 875 F.2d at 134. *See also, e.g., United States v. Budd*, 496 F.3d 517, 534 n.3 (6th Cir. 2007) ("Of course, correction of a scrivener's error presents no problem."); *United States v. Bush*, 659 F.2d 163, 165-67 (D.C. Cir. 1981) (permissible to amend indictment to correct

2

number identifying a particular form, or an incorrect specification of the date of an offense); *United States v. Neff*, 525 F.2d 361, 363 & n.29 (8th Cir. 1975) (amendment of serial number of weapon was permissible); *United States v. Molina*, 2010 WL 2346393, at *2-*3 (D. Kan. June 9, 2010) (it was permissible to amend an indictment to correct a mistaken reference to "Count 62" that should have read "Count 61"); *United States v. De Cay*, 2007 WL 60967, at *1 (E.D. La. Jan. 9, 2007) (it was permissible to amend indictment to correct mistaken invoice numbers); *United States v. Pickard*, 278 F. Supp.2d 1217, 1237 (D. Kan. 2003) (it was permissible to allow the government to amend the indictment by interlineation to allege a different time period for the conspiracy count). So long as "a defendant's rights are not affected and he is adequately apprised of the charges against him so that he is protected against surprise at trial or another prosecution for the same offense," mistakes of form like misnomers may be corrected by means of an amendment. *United States v. Young Bros.*, 728 F.2d 682, 693 (5th Cir. 1984). This rule makes good practical sense, of course, since it spares both the government and the grand jurors the need to have further proceedings just to make minor corrections that do not to go the substance of the allegations made against the defendant.

     5.     The matters sought to be corrected here are clearly all matters of form, and fall within the category of mistakes or "scrivener's errors" that do not affect the substance of the charges brought and that do not prejudice the defendant. To the contrary, correction of these mistakes may assist the defendant, as well as the Court and the jury, by eliminating possible sources of confusion or needless jury notes during deliberations.

3

Accordingly, the Government asks that it be granted leave to amend the pending Indictment in this case in the respect set forth above. A proposed Order is attached.

                                Respectfully submitted,

                                JONATHAN K. LENZNER
                                ACTING UNITED STATES ATTORNEY

                                    /s/
By:   _____
       Jefferson M. Gray
       Assistant United States Attorney

       United States Attorney's Office
       36 S. Charles Street, 4th Floor
       Baltimore, Maryland  21201
       (410) 209-4915

Dated:  June 20, 2021