

Martin S. Himeles, Jr.

PARTNER
mhimeles@zuckerman.com
410.949.1144

July 8, 2021

**VIA ECF**

The Honorable Richard D. Bennett
United States District Court Judge
U.S. Courthouse
101 W. Lombard Street, Chambers 5D
Baltimore, Maryland 21201

Re:   *United States v. Joseph Liberto*, Crim. No. RDB-19-0600

Dear Judge Bennett:

Since the motion hearing on June 25, 2021, counsel have had extensive discussions in an attempt to reach an agreement that would resolve Mr. Liberto's outstanding motion in limine concerning evidence of other contractors' understandings and conduct (ECF No. 51). Those discussions have borne fruit, and I am writing with the consent of government counsel to advise you of the parties' agreement.

The parties have agreed as follows:

1. Government witnesses from EMCOR Facilities Servicers, Inc. ("EMCOR") and the United States Postal Service ("USPS") will be allowed to testify concerning their understanding of the contractual provisions and requirements relating to the disclosure of subcontractors' proposals and invoices; the allowable mark-ups on subcontractor invoices; the steps that EMCOR program managers or USPS facilities engineers followed in reviewing and processing proposals or invoices that involved subcontracted work; as well as with regard to any other matters addressed in the Superseding Indictment. EMCOR program managers and USPS facilities engineers and similar personnel will be able to testify generally that they received and reviewed subcontractors' quotes, proposals, and invoices from Sierra and other contractors in relation to jobs of various sizes during the course of their work, and they can discuss their review of the mark-ups that were applied on these. Nothing in this paragraph is intended to waive any

    objections Defendant may have to a particular witness's testimony based on lack of knowledge or other lack of foundation for the witness's testimony.

2. Government witnesses from EMCOR or USPS such as Program Managers and Facilities Engineers will not be allowed to testify concerning how frequently they received proposals with subcontractors' quotes or invoices disclosing subcontractors from other contractors; whether or how often they fielded questions from other contractors about the need to disclose subcontractors or the allowable mark-ups on subcontracted work; or what inquiries or documents they received from other contractors with regard to any other matters addressed in the Superseding Indictment.  The government will not seek to introduce evidence or offer testimony with regard to how other contractors handled the matters discussed in the Superseding Indictment. The government will explain these limitations to its witnesses in advance of their testimony, and will caution them not to address these matters, unless something occurs during the questioning that would require the witness to do so, given his or her oath to tell the truth.

3. Government witnesses will be able to testify that USPS and EMCOR as a general matter preferred that contractors self-perform their assigned projects, rather than using subcontractors, and to explain why they considered the subcontractor disclosure and mark-up limitations and other matters addressed in the Superseding Indictment to be material. EMCOR witnesses will also be able to explain what prompted the adoption of its revised supplier agreement in January 2019. Government witnesses will not be restricted from addressing whether Sierra Construction's practices were in compliance with the applicable contractual requirements as to any matters addressed in the Superseding Indictment.

4. Conversely, the defense will not attempt to introduce evidence that other contractors were confused by the language of the EMCOR supplier agreements or had understandings of the contractual requirements or other practices that were consistent with those of Sierra.  As part of this, the defense will agree not to introduce evidence or ask questions relating to the NLK indictment or other investigations of similar conduct.

5. Either party may seek appropriate relief if opposing counsel brings out testimony or introduces documentary evidence in violation of the above understandings.

      In light of the parties' agreement, we do not believe that there is any need for further briefing or for the Court to rule on the motion, which is now moot. A proposed order to that effect is attached.

      We are available to address any questions the Court may have concerning this resolution.

Respectfully,

Martin S. Himeles, Jr.

cc:    Counsel of record (via ECF)