

ZUCKERMAN
SPAEDER

**Martin S. Himeles, Jr.**
PARTNER
mhimeles@zuckerman.com
410.949.1144

August 17, 2021

**VIA ECF**

The Honorable Richard D. Bennett
United States District Court Judge
U.S. Courthouse
101 W. Lombard Street, Chambers 5D
Baltimore, Maryland 21201

Re:   *United States v. Joseph Liberto*, Crim. No. RDB-19-0600

Dear Judge Bennett:

We were surprised to receive Mr. Gray's letter of yesterday afternoon (ECF No. 69) asking the Court to schedule a hearing and require written submissions concerning objections that have not yet been asserted with respect to trial exhibits that have not yet been identified. In light of the government's position, I write to explain why the government's job file problems cannot and should not be resolved before trial.

As the Court is aware, the government notified us in June, just two weeks before the then-scheduled trial date, that the copies of 67 job files that it had produced in March 2020 had been incomplete. These 67 job files included 32 files for the jobs that are the subject of the substantive counts in the indictment and an additional 35 job files for jobs concerning which the government may offer evidence at trial. In my letter dated June 22, 2021 (ECF No. 58), I brought to the Court's attention our concerns about these files and requested a continuance.

On June 22 and 29, 2021, the government produced new versions of the 67 job files, which it represented were complete. In addition to those productions, the government also produced additional versions of these job files on June 25, 2021, as part of its production of Jencks material. The June 25 production included versions of job files for the substantive counts and some other jobs that were used as exhibits with witnesses in the 2019 grand jury (in some cases, different versions used with

different witnesses), and yet another version used in the 2021 grand jury that returned the superseding indictment.

In sum, the government has now produced at least four versions of the job file for each of the substantive counts of the indictment, and in some cases five versions. It has also produced multiple versions of the 35 other job files that the government has indicated may be trial exhibits. Based on our review of these productions, the job file problems have only worsened. The differences between these multiple versions of each job file vary, but any difference is significant, and in numerous cases and in the aggregate they are very significant.

The parties have agreed to exchange trial exhibits on September 13. Only then will we know which of the several iterations of the job file for each substantive count the government intends to offer at trial, for which of the 35 other key jobs the government will offer evidence, and which version of those job files it will use. The government will then have the burden of establishing a foundation for each exhibit it offers at trial. In this case, establishing a foundation for each job file will be no small matter, and it will differ from job to job, just as the differences among the successive versions of job files vary.

We cannot make a final determination as to what objections we will assert and to which files until the government identifies its trial exhibits and presents evidence to lay a foundation for the admission of each job file. We are entitled to cross-examine any government witness on whose testimony the government relies to establish admissibility before the Court rules.

Yet the government seeks a pretrial ruling concerning the admissibility of whichever job files it decides to offer at trial before it presents any testimony to establish a foundation for their admissibility, and before we have asserted any objections. Indeed, the government proposes that the parties be required to file "any written submission" they intend to file by September 15, only *two days* after we receive its trial exhibits, and *before* we have heard any testimony. A defendant is not required to assert objections to exhibits without an adequate opportunity to review them, and without hearing the evidentiary foundation for their admissibility. Similarly, the Court cannot resolve whatever objections we assert without reviewing the exhibits and hearing the testimony on which the government relies.

That is one of the reasons we concluded that this issue cannot be resolved before trial: the admissibility of these job files will depend on the testimony at trial. The only possible result of a motion hearing is a finding that the Court cannot rule

until it hears the government's trial testimony attempting to establish a foundation for the job files' admission.

We share the Court's interest in ensuring that the trial proceeds as smoothly and expeditiously as possible. To that end, we have worked with the government to resolve as many evidentiary matters as possible. We would not be questioning the admissibility of these key documents but for the government's mishandling of them, and the resulting evolution of their contents. We have made no secret of our general concerns. But a determination of admissibility cannot be made in a vacuum; it must be based on the government's trial evidence.

Nor will trial testimony concerning the completeness of the job files be wasteful or confusing. Indeed, such testimony will be necessary even if some or all of the job files are admitted. The jury will have to decide for itself the weight it accords to the job files, which will be based in part on their completeness. Cross-examination of government witnesses regarding these issues will therefore be important irrespective of the Court's ruling, and a pretrial hearing will not simplify or shorten the trial. Rather, requiring submissions from the parties and holding a hearing would be a waste of judicial resources and would save no time at trial.

Beyond that, a pretrial hearing would prejudice Mr. Liberto by requiring his counsel to expose aspects of trial strategy before trial. The government's job file problems are significant for reasons that may not be apparent to the government. The defense and the government see the evidence in this case very differently, and requiring the defense to spell out the significance of job file problems—as would be unavoidable at a pretrial hearing—would be unfair and inappropriate.

The Court should address this issue as it addresses most evidentiary issues, at trial based on the evidence. Arguments of counsel concerning admissibility can be presented at the bench. Insofar as there is a need to address legal issues, the parties can do so in short submissions that will prepare the Court to address issues related to the job files when they arise. If argument outside the presence of the jury is required, it can easily be accomplished during the trial, when the issues have been crystalized and the evidence pertaining them has been presented.

For these reasons, we respectfully ask the Court to defer consideration of the job files issue until trial.

Respectfully,

Martin S. Himeles, Jr.


cc:      Counsel of record (via ECF)