IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

|  |  |
|---|---|
| **UNITED STATES OF AMERICA** | * |
|  | * |
| v. | Criminal Action No.: RDB-19-600 |
|  | * |
| **JOSEPH EDWARD LIBERTO**, | * |
| Defendant. | * |
|  | * |

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

**MEMORANDUM ORDER**

Defendant Joseph Edward Liberto ("Liberto" or "Defendant") was originally charged in a 31-Count Indictment that was returned by the grand jury on December 18, 2019. (Indictment, ECF No. 1.)  On April 1, 2021, Liberto was charged in a 32-count Superseding Indictment (the "Superseding Indictment").  (ECF No. 44[1].)  These 32 Counts stem from an alleged wire fraud scheme whereby Liberto allegedly defrauded the United States Postal Service ("USPS") out of more than $2 million by causing his former company, Sierra Construction, LLC ("Sierra") to hide from EMCOR Facilities Services, Inc. ("EMCOR"), an agent for the USPS with which Sierra contracted, its use of subcontractors so that it could submit invoices that far exceeded the amount it paid to them.  (*Id.*)  Trial in this case is scheduled to begin on Tuesday, October 5, 2021.

---

[1] The Superseding Indictment was amended on June 25, 2021 to correct a clerical error in Count 32. (Amended Superseding Indictment, ECF No. 65.)  On September 24, 2021, the Amended Superseding Indictment was further amended by interlineation to correct inexact language in Counts 2 through 32. (ECF No. 80.)

1

Now pending before this Court is the Government's Motion *in Limine* and Trial Brief Relating to Various Matters Addressed at the Pre-Trial Conference ("Government's Motion"). (ECF Nos. 86, 87[2].)  The Government's Motion raises four issues: (1) the manner in which the Defendant should be permitted to authenticate various job site photos given alleged anomalies in their metadata; (2) whether the Defendant has improperly withheld certain exhibits that should have been produced in reciprocal discovery under Federal Rule of Criminal Procedure 16; (3) whether the Defendant should be precluded from introducing evidence of unrelated "good acts"; and (4) whether Sierra Project Manager Kevin Fink should be allowed to testify as a "qualified witness" under Federal Rule of Evidence 803(6) with respect to the job file exhibits.  The Defendant has filed a Response in Opposition to Government's Motion In Limine ("Defendant's Response").  (ECF Nos. 94, 95[3].)  The Government has filed a Reply.  (ECF No. 99.)  On October 1, 2021, this Court convened a telephonic hearing to address the Government's Motion.  For the reasons stated on the record at the Motions Hearing and as set forth below, the Government's Motion (ECF Nos. 86, 87) is DENIED as to the job site photos metadata; DENIED WITHOUT PREJUDICE as to the missing defense exhibits; DENIED as to the admissibility of "good acts" evidence; and DENIED AS MOOT as to the Rule 803(6) issue concerning the job file exhibits.

---

[2] The Government filed a Corrected Motion (ECF No. 87) that simply corrects the numbering of its arguments.  Accordingly, the Court treats these pending Motions (ECF Nos. 86, 87) as one and the same.

[3] The Defendant has also filed a Corrected Response (ECF No. 95).  Accordingly, the Court treats these pending Motions (ECF Nos. 94, 95) as one and the same.

**STANDARD OF REVIEW**

A motion *in limine* is "any motion, whether made before or during trial, to exclude anticipated prejudicial evidence before the evidence is actually offered." *Luce v. United States*, 469 U.S. 38, 40, n. 2 (1984). "Such motions are 'designed to narrow the evidentiary issues for trial and to eliminate unnecessary trial interruptions.'" *Changzhou Kaidi Elec. Co. v. Okin Am., Inc.*, 102 F. Supp. 3d 740, 745 (D. Md. 2015) (quoting *Louzon v. Ford Motor Co.,* 718 F.3d 556, 561 (6th Cir. 2013)). The United States Court of Appeals for the Fourth Circuit reviews a district court's denial of a motion *in limine* for abuse of discretion. *United States v. Hernandez*, 212 F. App'x 229, 230 (4th Cir. 2007) (citing *United States v. White*, 405 F.3d 208, 212 (4th Cir. 2005)).

**ANALYSIS**

**I.   Job Site Photos Metadata**

The Government argues that when the Defendant made his initial discovery production in this case, it was accompanied by dozens of pages of photos of Sierra-assigned postal service job sites and attached sheets of what purported to be the metadata associated with the photos. The metadata included the date created and date modified for each JPEG file. The Government states that when it was able to scrutinize the Defendant's photo production, it discovered anomalies that made it clear that the "date created" and the "date modified" on the associated metadata sheets sometimes meant something very different from the time the photo was taken. The Government argues that without further clarification, the exhibits are misleading and should be excluded either under Rule 901(a) or Rule 403. In its Reply, the Government suggests that as a remedy for the anomalies, the Defendant should

insert a footnote or put a notice on each page of the exhibits explaining that "date created" and "date modified" mean nothing more than "the last possible date and time the photo was taken."

The Defendant states that as part of Sierra's regular business practice, it maintained a drive on its network, accessible to its employees, in which it maintained an electronic folder for each EMCOR job. These folders — assigned names that reflected the job location, EMCOR work order number, and some reference to the nature of the job — were the repository for the photographs in question. The photographs and associated metadata were obtained from the forensic image the Government created of the Sierra network drive in 2018 and produced to the Defendant in discovery. The Defendant claims that the metadata shows that the photos were taken no later than the earliest of the dates provided. At the October 1, 2021 Motions Hearing, the Defendant expressed a willingness to work with the Government to agree on a stipulation concerning the meaning of the "date created" and "date modified" labels.

The requirements of the business records exception under Federal Rule of Evidence 803(6) are that: (1) the record was made at or near the time by — or from information transmitted by — someone with knowledge; (2) the record was kept in the course of a regularly conducted activity of a business; (3) making the record was a regular practice of that activity; (4) all of these first three conditions are shown by the testimony of a custodian or another qualified witness, or by a certificate that complies with Rule 902(11) or (12) or with a statute permitting certification; and (5) the opponent does not show that the source of the information or the circumstances of preparation indicate a lack of trustworthiness. Fed. R.

4

Evid. 803(6); *see also In re Intern. Management Associates*, LLC, 781 F.3d 1262, 1267 (11th Cir. 2015). Under Federal Rule of Evidence 403, courts may exclude relevant evidence "if its probative value is substantially outweighed by a danger of," among other things, "confusing the issues, misleading the jury, . . . [or] wasting time." Fed. R. Evid. 403. *See also United States v. Awni Shauaib Zayyad*, 741 F.3d 452, 461 (4th Cir. 2014). The "balance under Rule 403 should be struck in favor of admissibility, and evidence should be excluded only sparingly." *United States v. Lentz*, 524 F.3d 501, 525 (4th Cir. 2008) (internal quotation marks omitted). But a district court's judgment concerning where that balance lies "will not be overturned except under the most extraordinary circumstances." *Id.* (internal quotation marks omitted). "To satisfy the requirement of authenticating or identifying an item of evidence, the proponent must produce evidence sufficient to support a finding that the item is what the proponent claims it is." Fed. R. Evid. 901(a). Fed. R. Evid. 901(b) contains a list of examples of evidence that satisfies the requirement of 901(a), including "testimony of a witness with knowledge," "nonexpert opinion about handwriting," and "distinctive characteristic and the like." Fed R. Evid. 901(b). The burden of establishing the authenticity of a particular document "is a light one." *In re Intern. Management Associates*, 781 F.3d 1262, 1267 (11th Cir. 2015); *United States v. Vidacak*, 553 F.3d 344,349 (4th Cir. 2009) ("The burden to authenticate under Rule 901 is not high - only a *prima facie* showing is required."). All that is required is sufficient evidence so that a jury "could reasonably have concluded" that a document was authentic. *In re Intern. Management Associates*, 781 F.3d at 1267.

The job site photos themselves including their metadata satisfy the requirements of the business records exception. The Defendant proposes to admit both the photos and their

metadata as they appear on the Sierra drive image produced by the Government in discovery. The Defendant proposes to admit screenshots of the folders containing the photos themselves to show the way Sierra employees would have accessed them on their drive. The Defendant proposes to admit the photos with the testimony of Sierra project managers, who will establish that the hard drive folders are in fact business records. For the same reasons this Court determined that the job file exhibits satisfy the requirements of the business records exception (Amended Memorandum Opinion, ECF No. 90 at 9-11), the Court concludes that the job site photos and their metadata are also admissible as business records. Just as the Government did not alter the job file exhibits, the Defendant has not altered the job site photos or their metadata.

The Government is concerned that the jury will interpret the term "date created" to mean the date and time when a photo was taken. This problem is easily remedied. The Defendant may elicit testimony that Sierra employees would understand that the "date created" and "date modified" labels do not necessarily indicate when a photo was taken. Likewise, a conspicuous notation on the Defendant's summary exhibit indicating that those dates represent the latest possible date the photos were taken is a remedy to any potential confusion. Accordingly, the Government's Motion is DENIED as to the job site photos metadata.

**II. Missing Defense Exhibits**

This Court construes the Government's next request as a motion to compel the Defendant to comply with his reciprocal discovery obligations under Federal Rule of Criminal Procedure 16(b). The Government states that the Defendant's exhibit list includes numbers

running from 1 through 378; however, Exhibits 187-196 and Exhibits 223-362 are listed as "intentionally skipped." The Defendant has also recently provided a separate Exhibit 442 with no explanation for the gap between Exhibit 378 and the newly listed Exhibit 442.  The Government raises the possibility that the Defendant is withholding evidence that he should have produced in reciprocal discovery under Federal Rule of Criminal Procedure 16(b)(1)(A).

The Defendant argues that the vast majority of exhibits on which he will rely at trial are drawn from the materials the Government produced to the Defendant.  The Defendant argues that in May 2021, he produced the relatively few documents he intends to use in his case-in-chief that were not already in the Government's possession.  The Defendant argues that the purpose of reciprocal discovery is not to require the defendant to identify which of the documents *produced by the Government* the defense will include on its exhibit list; it is for the defense to produce to the Government documents that the government *does not have* that the defense will use in its case-in-chief.  The Defendant represents that all of his exhibits that are not listed are properly withheld as impeachment material.

Federal Rule of Criminal Procedure 16(b)(1)(A) provides: "If a defendant requests disclosure under Rule 16(a)(1)(E) and the government complies, then the defendant must permit the government, upon request, to inspect and to copy or photograph books, papers, documents, data, photographs, tangible objects, buildings or places, or copies or portions of any of these items if: (i) the item is within the defendant's possession, custody, or control; and (ii) the defendant intends to use the item in the defendant's case-in-chief at trial." Fed. R. Crim. P. 16(b)(1)(A).  In *United States v. Young*, 248 F.3d 260 (4th Cir. 2001), the United States Court of Appeals for the Fourth Circuit held that the district court did not abuse its discretion

7

where it precluded a criminal defendant from introducing an audio tape of a supposed confession during the cross-examination of a government witness the defendant argued had in fact committed the crime.  The Fourth Circuit upheld the district court's ruling that the tape was not impeachment material, but was instead intended to be introduced as substantive evidence of the witness' culpability and that the tape, therefore, should have been provided to the government in reciprocal discovery under Rule 16. *Id.* at 269-270.

In *Young*, 248 F.3d 260, the Fourth Circuit interpreted a prior version of Rule 16(b)(1)(A) that referred to evidence the defendant intends to use in his "evidence in chief." That phrase was later amended to read "case-in-chief."  At least one district court has ruled that while "evidence in chief" included substantive evidence offered both on cross-examination and in the defendant's own case, "case-in-chief" refers only to the phase of trial after the government has rested and not to any evidence offered by the defendant while cross-examining the government's witnesses.  *See United States v. Harry*, No. CR 10-1915 JB, 2014 U.S. Dist. LEXIS 160233, at *23-25 (D.N.M. Oct. 14, 2014).  Other courts, however, have refused to draw such a distinction and have held that "case-in-chief" includes substantive evidence offered on cross-examination of an opposing party's witness.  *See, e.g.*, *United States v. Palafox*, No. 2:16-cr-00265-GMN-CWH, 2018 U.S. Dist. LEXIS 209477, at *3-5 (D. Nev. Dec. 12, 2018); *United States v. Ellison*, 704 Fed. Appx. 616 (9th Cir. 2017), cert. denied, 138 S. Ct. 2675 (2018); *United States v. Sineneng-Smith*, No. C-10-00414 RMW, 2013 U.S. Dist. LEXIS 89843, at *8 (N.D. Cal. June 24, 2013) ("[T]he defense should not be permitted to circumvent its disclosure obligation by presenting exhibits during the cross-examination of government witnesses or by characterizing an exhibit as being offered for impeachment when it addresses

8

the substance of the charges."). This Court also declines to draw such a distinction in applying the Fourth Circuit's ruling in *Young*.

Likewise, courts have considered and rejected the argument that the fact that the government already possesses certain material means that the defendant has no further obligation under Rule 16(b). *See, e.g.*, *United States v. Sineneng-Smith*, No. C-10-00414 RMW, 2013 U.S. Dist. LEXIS 89843, at *8 (N.D. Cal. June 24, 2013); *United States v. Crowder*, 325 F. Supp. 3d 131, 137 (D.D.C. 2018); *United States v. Holden*, No. 3:13-cr-00444-BR, 2015 U.S. Dist. LEXIS 48925, at *14 (D. Or. Mar. 19, 2015) ("Although Rule 16(b)(2) contains specific exemptions from Defendant's reciprocal-discovery obligations for work product and statements made by the defendant and potential witnesses, the government correctly emphasizes the Rule does not exclude materials originally obtained from the government.").

"The reciprocal disclosure obligation," however, "does not extend to documents that are used solely to impeach. If defendant seeks to offer an item which has not been disclosed, the court will exclude the item if its primary purpose goes to her case-in-chief even if it is purportedly offered for impeachment." *United States v. Sineneng-Smith*, No. C-10-00414 RMW, 2013 U.S. Dist. LEXIS 89843, at *8 (N.D. Cal. June 24, 2013) (citing *United States v. Medearis*, 380 F.3d 1049 (8th Cir. 2004); *United States v. Moore*, 208 F.3d 577, 579 (7th Cir. 2000)).

Upon finding a violation of Rule 16, a district court has discretion under the Federal Rules of Criminal Procedure to determine the proper remedy. *See* Fed. R. Crim. P. 16(d)(2); *United States v. McLean*, 715 F.3d 129, 142 (4th Cir. 2013); *United States v. Barile*, 286 F.3d 749, 758-59 (4th Cir. 2002); *United States v. Muse*, 83 F.3d 672, 675 (4th Cir. 1996) ("[A] trial court's

decision as to the appropriate remedy [for a discovery violation] may only be reversed for abuse of discretion.")

Here, the Defendant's argument that he is not required to produce in reciprocal discovery documents that the Government already has is unavailing given the cases cited above. As the Court stated at the October 1, 2021 Motions Hearing, the Defendant is reminded of his obligations under Federal Rule of Criminal Procedure 16(b) and of the Court's discretion to fashion any appropriate remedy for any violation of the discovery rules, including the exclusion evidence that was not produced to the Government as it should have been. This Court encourages the Defendant to review his exhibit list to be sure that he has produced all required material. If the Defendant does seek to introduce in his case-in-chief documents that were not produced to the Government, the Government is free to object.

At the Motions Hearing, the Government took the position that it may object to any exhibit that was not produced in reciprocal discovery unless its sole purpose is to impeach or that it may seek a limiting instruction stating that any such material should be considered only for impeachment purposes and not as substantive evidence. As this Court stated on the record, that view of the law is incorrect. In such a case, the Court must look to the primary purpose of the evidence in question. "Evidence that is offered primarily to prove or disprove an element of a claim or defense is not evidence that is offered to impeach the credibility of a witness and thus is not impeachment evidence; it must be disclosed in accordance with Rule 16." *United States v. Heine*, No. 3:15-cr-238-SI, 2017 U.S. Dist. LEXIS 165367, at *23-24 (D. Or. Oct. 5, 2017); *see also United States v. Sineneng-Smith*, No. C-10-00414 RMW, 2013 U.S. Dist. LEXIS 89843, at *9-10 (N.D. Cal. June 24, 2013) ("If defendant seeks to offer an item which

has not been disclosed, the court will exclude the item if its primary purpose goes to her case-in-chief even if it is purportedly offered for impeachment. On the other hand, if the evidence is offered solely for impeachment, it will be allowed despite the fact it was not disclosed."). Accordingly, the Government's Motion as to the alleged missing exhibits is DENIED WITHOUT PREJUDICE.

### III. "Good Acts" Evidence

The Government seeks to preclude the Defendant from introducing evidence of Sierra jobs that did not involve the use of subcontractors. The Government argues that such evidence would constitute improper character evidence and that it is well-settled that a defendant may not produce evidence of specific instances of law-abidingness in order to show his good character unless law-abidingness is "an essential element of the charge or defense" under Fed. R. Evid. 405(b). The Government specifically objects to the evidence contained in defense exhibits 135-153, 179-181, and 183-186. The Government claims that the admission of such evidence would violate Federal Rule of Evidence 401 because it is not relevant; Federal Rule of Evidence 403 because it would confuse the issues, mislead the jury, cause undue delay, and waste time; and Federal Rules of Evidence 404(a)(1) and 405 because it is not an authorized way of presenting evidence of good character.

The Defendant argues that the exhibits to which the Government objects are essential evidence of the course of dealing among Sierra, EMCOR, and the Postal Service under exactly the same contract as all 2,600 jobs that the government contends were fraudulent. The Defendant further argues that contract performance is not a good deed, and evidence of

11

course of dealing is not irrelevant simply because it does not support the government's fraud theory.

"Evidence is relevant if: (a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action." Fed. R. Evid. 401. The Amended Superseding Indictment in this case alleges a conspiracy to defraud EMCOR and the Postal Service lasting from in or about April 2013 through on or about November 29, 2018. (ECF No. 65 at 11, ¶ 28.) The Amended Superseding Indictment further alleges that one of the objects of the conspiracy was "on jobs assigned through the EMCOR-CSC that Sierra self-performed, to overcharge for its services by fraudulently inflating the number of labor hours used to complete the work and by fraudulently marking up the cost of the materials used in completing its assigned work on these jobs." (*Id.* at 12, ¶ 30(c).) The Amended Superseding Indictment also states that it was a part of the conspiracy "that JOSEPH LIBERTO instructed and caused Sierra PMs to fraudulently inflate the number of hours worked, and the costs of materials used, by both its subcontractors and its own employees…" (*Id.* at 14, ¶ 31(d).) Furthermore, of the 31 substantive wire fraud counts, counts 21 and 24 allege that Sierra fraudulently overstated the allowable charge for self-performed work. (*Id.* at 21-22.)

As this Court stated on the record at the October 1, 2021 Motions Hearing, this issue is simple. The Government has charged a conspiracy to defraud that involved hiding the use of subcontractors as well as overbilling for self-performed work. The Government conceded on the record at the Motions Hearing that the conspiracy charged does not only relate to Sierra jobs that involved the use of subcontractors. Sierra's contract performance in self-performed

12

jobs is material and probative evidence as to the Defendant's mental state. The evidence the Defendant proposes to offer is therefore not improper character evidence. Accordingly, the Government's Motion as to "good acts" evidence is DENIED.

### IV. Rule 803(6) Qualified Witness as to Job File Exhibits

Finally, the Government argues that Sierra Project Manager Kevin Fink should be permitted to testify as a "qualified witness" as to the authenticity of the job file exhibits as business records pursuant to Federal Rule of Evidence 803(6)(D). The Defendant notes that the Court's ruling on the job files establishes without prejudice that they will be admissible. (ECF Nos. 90, 91.) The Defendant reserves the right to object to the admissibility of specific job files after Agent Baer testifies, but does not object to other witnesses testifying first. As stated on the record at the October 1, 2021 Motions Hearing, given this Court's ruling in its Memorandum Opinion of September 29, 2021 (ECF No. 90), the Government's Motion as to the job file exhibits is DENIED AS MOOT.

### CONCLUSION

For the reasons stated on the record at the October 1, 2021 Motions Hearing and supplemented above, IT IS HEREBY ORDERED this 4th day of October, 2021, that the Government's Motion *In Limine* (ECF Nos. 86, 87) is DENIED as to the job site photos metadata; DENIED WITHOUT PREJUDICE as to the missing defense exhibits; DENIED as to the admissibility of "good acts" evidence; and DENIED AS MOOT as to the job file exhibits.

_____/s/_____
Richard D. Bennett
United States District Judge